COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Gerald Powell v. Hardy Realty, Inc. Employees' Profit Sharing Plan

Appellate case number:     01-17-00321-CV

Trial court case number:    1091616

Trial court:                   County Civil Court at Law No. 1 of Harris County

On April 28, 2017, appellant, Gerald Powell, proceeding pro se, filed a notice of appeal from the judgment, signed on April 25, 2017, in this forcible detainer and eviction action. On May 3, 2017, the county clerk filed an original clerk's record in this Court containing, among other documents, appellant's Statement of Inability to Afford Payment of Court Costs ("Statement"), filed in the county court on May 1, 2017. There was neither a contest nor an order signed by the trial court regarding the Statement. On May 4, 2017, the court reporter filed an info sheet in this Court stating that there is a reporter's record, but that the appellant had not paid for it and was not appealing as indigent.

Texas Rule of Appellate Procedure 20.1 provides that a party who files such a Statement in the trial court "is not required to pay costs in the appellate court unless the trial court overruled the party's claim of indigence in an order that complies with Texas Rule of Civil Procedure 145." TEX. R. APP. P. 20.1(b)(1) (amended, eff. Sept. 1, 2016); TEX. R. CIV. P. 145(b) (amended, eff. Sept. 1, 2016). Because appellant's Statement was not overruled by an order signed by the trial court, appellants are not required to pay costs in this appeal. *See* TEX. R. APP. P. 20.1(b)(1).

Accordingly, the allegations in the Statement are deemed true, and appellant is entitled to proceed without advance payment of appellate costs. *See* TEX. R. APP. P. 20.1(b)(1). Thus, the Clerk of this Court is **ORDERED** to deem the appellant indigent and that he is allowed to proceed on appeal without advance payment of costs for purposes of the filing fee, and the fees for the clerk's and the reporter's records.

The court reporter is **ORDERED** to file the reporter's record with the Clerk of this Court **within 20 days of the date of this Order**, at no cost to appellant. Finally, because the appellant is proceeding pro se, the county clerk is further **ORDERED** to mail a copy of the clerk's record and the reporter's record to the appellant **within 30 days** of the date of this Order, at no cost to appellant, and shall further certify to this Court the date when delivery is made **within 40 days** of the date of this Order.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
                        ☑ Acting individually      ☐ Acting for the Court

Date: May 11, 2017